Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY CHAVEZ and CARTER CHAVEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR CREDIT COMPANY, LLC,<br><br>Defendant(s). | Case No. 1:23-cv-01205-SKO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE**<br><br>**Date: March 5, 2025**<br>**Time: 9:30 a.m.**<br>**Courtroom: 7**<br>**Hon. Magistrate Judge Sheila K. Oberto** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE**

1

## I. Introduction

Plaintiffs hereby submit the following responses to Defendant's objections to Plaintiffs' evidence submitted in support of their Motion for Summary Judgment.

## II. Legal Standard

"A court may consider evidence that would be "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). But the evidentiary standard for admission at the summary judgment stage is lenient: A court may evaluate evidence in an inadmissible form if the evidentiary objections could be cured at trial. *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119–20 (E.D. Cal. 2006). In other words, admissibility at trial depends not on the evidence's form, but on its content. *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)." *Gomez v. City of Vacaville*, 483 F.Supp.3d 850, 860 (E.D. Cal. 2020).

## III. Response to Objection No. 1

Defendant objects to paragraph 5 of the Declaration of Rocky Covarrubias as hearsay.

The statement is not being offered for the truth of the matter asserted, but rather to prove what Mr. Covarrubias subjectively believed Plaintiffs credit scores were at the time they began searching for a house.

## IV. Response to Objection Nos. 2–6

Defendant objects to paragraphs 7, 8, 9, 11, and 13, of the Declaration of Rocky Covarrubias as lacking personal knowledge, an improper lay opinion, and irrelevant.

Mr. Covarrubias makes these statement based on his own understanding of the facts at the time he was assisting Plaintiffs in a mortgage preapproval, upon reviewing the documents necessary for such a preapproval, and upon his personal knowledge as a mortgage banker. He

has firsthand knowledge of such facts. Moreover, his statement is not being offered as an expert opinion but rather a factual account of his perception of the events discussed therein.

Finally, "objections to evidence . . . [as] irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself." *Burch v. Regents of the Univ. of Cal.*, 433 F.Supp.2d 1110, 1122 (E.D. Cal. 2006).

**V.     Response to Objection Nos. 7–10**

Defendant objects to paragraphs 5–8 of the Declaration of John Andrews as irrelevant.

"[O]bjections to evidence . . . [as] irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself." *Burch v. Regents of the Univ. of Cal.*, 433 F.Supp.2d 1110, 1122 (E.D. Cal. 2006).

**VI.     Response to Objection No. 10**

Defendant objects to Plaintiffs' Request for Judicial Notice exhibit showing historical interest rates by week as hearsay and irrelevant.

Fed R. Evid. 803(8) explicitly exempts public records from the hearsay exclusion. Moreover, Fed. R. Evid. 803(17) exempts "[m]arket quotations, lists, directors, or other compilations that are generally relied on by the public or by persons in particular occupations," from the hearsay exclusion.

Finally, "objections to evidence . . . [as] irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself." *Burch v. Regents of the Univ. of Cal.*, 433 F.Supp.2d 1110, 1122 (E.D. Cal. 2006).

## VII. Response to Objection Nos. 11–15

Defendant objects to exhibits J, K, L, M, and N to the declaration of Matthew R. Snyder as hearsay.

These are documents produced by Xactus, LLC in response to a subpoena in this matter. Fed. R. Evid. 803(6) exempts business records made in the regular course of business from the hearsay exclusion. Defendant's hearsay objection can be cured at trial by having the custodian of such documents testify as to the foundational elements of the business records exception.

## VIII. Response to Objection Nos. 16–17

Defendant objects to the errata sheets to Plaintiffs' deposition transcripts as sham declarations. For the reasons discussed in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, they are not sham declarations and should not be excluded. *See* Pls.' Opp. to Def.'s Mot. for Summ. J. [ECF No. 36] at 8–9.

## IX. Response to Objection Nos. 18–19

Defendant objects to certain deposition testimony from Plaintiffs as lacking personal knowledge, improper lay opinion, and hearsay.

Plaintiffs make these statements based on their own understanding of the facts at the time they were seeking to purchase a house. Moreover, Ms. Chavez explicitly testified that she reviewed the documents discussed in said testimony. Plaintiffs have firsthand knowledge of such facts. To the extent that the cited testimony does not itself establish personal knowledge, this objection could be cured at trial with proper foundational questions. Moreover, these statements are not being offered as an expert opinion but rather a factual account of Plaintiffs' understanding of the events described therein.

Finally, to the extent that Defendant objects Plaintiffs recounting certain statements made to them by Mr. Covarrubias, the statements are not hearsay to the extent they are provided as Plaintiffs' recollections of what was told to them. Moreover, the same statements are presently before the Court in Mr. Covarrubias's own declaration.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Dated: February 18, 2025            By:      /s/ Matthew R. Snyder
                                             Matthew R. Snyder
                                             Todd M. Friedman
                                             Adrian R. Bacon
                                             Law Offices of Todd M. Friedman
                                             Attorneys for Plaintiffs

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE**

Filed electronically this 18th Day of February, 2025, with:
United States District Court CM/ECF system.
Notification sent electronically on this 18th Day of February, 2025, to:

Honorable Magistrate Judge Sheila K. Oberto
United States District Court
Eastern District of California

And all Counsel of Record as recorded on the Electronic Service List


/s/ Matthew R. Snyder, Esq.
Matthew R. Snyder, Esq.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE**